IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM BONNEY,

      Plaintiff,                                  No. CIV S-08-0491 FCD DAD PS

      v.

SAN JOAQUIN COUNTY HSA         FINDINGS AND RECOMMENDATIONS
CPS DIVISION, et al.,

      Defendants.
_____/

        Plaintiff, proceeding pro se, commenced this civil action by filing an untitled pleading and an application to proceed in forma pauperis. The proceeding has been referred to the undersigned pursuant to Local Rule 72-302(c)(21) and 28 U.S.C. § 636(b)(1).

        Plaintiff's in forma pauperis application makes the showing of indigency required by 28 U.S.C. § 1915(a)(1). However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. The court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Balistreri v. Pacifica Police Dep't, 901 F.2d 696,

1

1  699 (9th Cir. 1990).  To state a claim on which relief may be granted, the plaintiff must allege
2  "enough facts to state a claim to relief that is plausible on its face."  <u>Bell Atlantic Corp. v.</u>
3  <u>Twombly</u>, 550 U.S. 544, 570 (2007).  Although pro se pleadings are held to a less stringent
4  standard than those drafted by lawyers, <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972), even a pro
5  se pleading must contain "(1) a short and plain statement of the grounds upon which the court's
6  jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is
7  entitled to relief, and (3) a demand for judgment for the relief the pleader seeks."  Fed. R. Civ. P.
8  8(a).

9        Plaintiff's complaint does not contain a short and plain statement of the grounds
10 for this court's jurisdiction.  <u>See</u> Fed. R. Civ. P. 8(a)(1).  In the civil cover sheet, plaintiff claims
11 federal question and removal jurisdiction, indicating that his causes of action are civil rights
12 abuse by state courts, Freedom of Information Act, constitutionality of state statutes, welfare,
13 Americans With Disabilities Act, and other civil rights.  Defendants are the Child Protective
14 Services Division of the San Joaquin County Human Services Agency (CPS) and two CPS
15 employees.  Plaintiff's claims apparently arise from state court proceedings related to the custody
16 of his nieces.  Plaintiff seeks two million dollars in money damages.

17       The court finds that plaintiff has not effected the removal of any case from state
18 court.  A civil action is removable from a state court to the appropriate federal district court only
19 if the federal court would have had original jurisdiction had the case been filed in the federal
20 court initially.  28 U.S.C. § 1441(a).  The child custody proceedings at issue in plaintiff's
21 complaint could not have been commenced in federal court, and therefore this court would not
22 have removal jurisdiction over the proceedings even if plaintiff had followed proper removal
23 procedure.  Accordingly, the court considers whether plaintiff's pleading states a federal
24 question.

25       Under the <u>Rooker-Feldman</u> doctrine, district courts lack jurisdiction to review
26 alleged errors in state court decisions.  <u>Dist. of Columbia Court of Appeals v. Feldman</u>, 460 U.S.

462, 476 (1983) (holding that review of state court determinations can be obtained only in the United States Supreme Court). The doctrine applies to "cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). A federal district court is also prohibited from exercising subject matter jurisdiction over a suit that is "a de facto appeal" from a state court judgment. Kougasian v. TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004).

A federal district court may not examine claims that are inextricably intertwined with state court decisions, "even where the party does not directly challenge the merits of the state court's decision but rather brings an indirect challenge based on constitutional principles." Bianchi v. Rylaarsdam, 334 F.3d 895, 900 n.4 (9th Cir. 2003). See also Ignacio v. Judges of U.S. Court of Appeals, 453 F.3d 1160, 1165-66 (9th Cir. 2006) (affirming district court's dismissal of the case "because the complaint is nothing more than another attack on the California superior court's determination in [plaintiff's] domestic case"). "The purpose of the doctrine is to protect state judgments from collateral federal attack." Doe & Assocs. Law Offices v. Napolitano, 252 F.3d 1026, 1030 (9th Cir. 2001).

In the present case, plaintiff asserts that he is "expressly *not* asking this Court, nor seeking in *any* way, to *issue* any divorce, alimony, or child custody decrees" and that he has not brought this case "under the guise of 'appeal' to review strictly family matters already established under state law." (Pl.'s Compl. at 10.) Plaintiff argues that he seeks only vindication of his civil and constitutional rights along with damages. (Id. at 10 & 13-14.) However, the undersigned finds that all of plaintiff's claims are inextricably intertwined with state court decisions regarding the removal of two of his nieces from his home and the custody of all three of plaintiff's nieces. "Where the district court must hold that the state court was wrong in order to find in favor of the plaintiff, the issues presented to both courts are inextricably intertwined," and the district court

lacks jurisdiction. Doe & Assocs., 252 F.3d at 1030. For these reasons, plaintiff's claims are barred by the Rooker-Feldman doctrine and should be dismissed from this court with prejudice because amendment would be futile.[1]

It is the recommendation of the undersigned that all of plaintiff's federal claims be dismissed with prejudice and that the district judge decline to exercise jurisdiction over any state law claims that plaintiff may have intended to include in this action.[2] See 28 U.S.C. § 1367(c).

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's March 4, 2008 application to proceed in forma pauperis (Doc. No. 3) be denied;

2. Plaintiff's federal claims be dismissed with prejudice pursuant to the Rooker-Feldman doctrine; and

3. Any supplemental state law claims be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c).

/////

---

[1] Even if the Rooker-Feldman doctrine did not apply here, the Eleventh Amendment would bar plaintiff's suit against a state agency, regardless of the relief sought and even where jurisdiction is predicated on a federal question, absent the state's affirmative and unequivocal waiver of its immunity or congressional abrogation of that immunity. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-99 (1984); Yakama Indian Nation v. State of Wash. Dep't of Revenue, 176 F.3d 1241, 1245 (9th Cir. 1999); Durning v. Citibank, N.A., 950 F.2d 1419, 1422-23 (9th Cir. 1991). Eleventh Amendment immunity extends to governmental entities that are "arms of the state," Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989), state officials where the state is the real party in interest, Pennhurst, 465 U.S. at 101-02, and state courts and their employees, Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003).

[2] Plaintiff has not alleged exhaustion of administrative remedies as to any state law claims. Under the California Tort Claims Act (CTCA), a plaintiff may not maintain an action for damages against a public employee unless a written claim has first been presented to the appropriate state entity and has been acted upon by that entity. See Cal. Gov't Code §§ 900.2, 910, 915(c)(2) & 945.4. Failure to present a timely claim against a public employee bars a subsequent civil action for damages against the public employee. See State v. Superior Ct. ex rel. Bodde, 32 Cal. 4th 1234, 1237, 1239 (2004). Supplemental state law claims in a civil rights action brought in federal court are subject to dismissal for failure to allege compliance with the claim-filing requirement of the CTCA. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988).

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty (20) days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 6, 2009.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
bonney0491.ifpden.f&r